**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| PAUL GERALD LEGER, | : | **Hon. Robert B. Kugler** |
| Petitioner, | : | Civil No. 10-2134 (RBK) |
| v. | : | |
| DONNA ZICKEFOOSE, | : | **OPINION** |
| Respondent. | : | |

**APPEARANCES:**

    PAUL GERALD LEGER, #51040-004
    F.C.I. Fort Dix
    P.O. Box 2000 East
    Fort Dix, New Jersey 08640
    Petitioner Pro Se

**KUGLER**, District Judge

    Paul Gerald Leger, a federal prisoner confined at the Federal Correctional Institution at Fort Dix, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging a federal sentence imposed in 1999 by the United States District Court for the Southern District of Florida. Having thoroughly reviewed the Petition, as well as the docket in the underlying criminal proceeding, this Court will summarily dismiss the Petition for lack of jurisdiction.

**I.  BACKGROUND**

    Petitioner challenges a 180-month term of imprisonment imposed on June 25, 1999, after a jury convicted him of knowing

possession of three or more computer disks which contained visual depictions of a minor engaging in sexually explicit conduct and which depictions were produced using materials which had been mailed, shipped or transported in interstate or foreign commerce, in violation of 18 U.S.C. § 2252(a)(4)(B), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  See United States v. Leger, Crim. No. 98-10013 judgment (S.D. Fla. June 25, 1999).  Petitioner appealed, arguing that the evidence was insufficient, the district court abused its discretion in instructing the jury and admitting evidence, and the two-level sentencing enhancement for use of a computer and the upward sentencing departure were improper.  On May 2, 2000, the United States Court of Appeals for the Eleventh Circuit affirmed.  See United States v. Leger, C.A. No. 99-12059 slip op. (11th Cir. May 2, 2000).  The Supreme Court denied certiorari on October 16, 2000.  (Pet. ¶ 9(e).)

Petitioner thereafter filed a motion pursuant to 28 U.S.C. § 2255, which United States District Judge Moore denied on September 24, 2002.  See Leger v. United States, Civ. No. 01-10107 (S.D. Fla. filed Oct. 19, 2001).  The Eleventh Circuit denied a certificate of appealability on July 1, 2003.  See id. Docket Entry #34.  Petitioner filed two § 2241 petitions in the United States District Court for the Middle District of Florida challenging his conviction.  See Leger v. Holder, Civ. No. 04-

0171 (M.D. Fla. filed Apr. 30, 2004); Leger v. Warden, Civ. No. 05-0416 (M.D. Fla. filed July 19, 2006).  In the first § 2241 petition, Petitioner argued that his conviction was illegal because it was based on a constitutionally invalid search and seizure and because he was actually innocent.  On May 10, 2004, United States District Judge Wm. Terrell Hodges dismissed the first petition for lack of jurisdiction, and on December 21, 2004, the Eleventh Circuit affirmed.  In the second § 2241 petition, Petitioner argued that the conviction was illegal because the government did not establish that the images recorded on the disks traveled in interstate commerce and because he was convicted on the second count by introduction of inherently prejudicial and unconstitutional evidence.  Judge Hodges dismissed the second petition with prejudice on July 18, 2006.

Petitioner, who is now confined at FCI Fort Dix in New Jersey, filed the Petition presently before this Court on April 28, 2010.  He challenges the 1999 sentence on three grounds:

> Ground One:  Responding parties authority to restrain the liberty of the applicant has been terminated by the action of the Fiduciary, Ellen Fine Levine, offsetting discharging and settling any and all claims of debts, obligations and liabilities associated with account no. 264170789 and 4:98-cr-10013-KMM.
>
> Ground Two:  Responding party's authority to restrain the liberty of the applicant is null and void as the Judgment in a Criminal Case is Void because it was issued in violation of due process of law.

>     Ground Three:  Responding Party's authority
>     to restrain the liberty of the applicant is
>     null and void as the Judgment in a Criminal
>     Case is Void because it was issued without
>     jurisdiction of the parties and subject
>     matter.

(Pet. ¶ 17.)

## II.  DISCUSSION

A.  Jurisdiction

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c) The writ of habeas corpus shall not
> extend to a prisoner unless- . . . He is in
> custody in violation of the Constitution or
> laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

Generally, a challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. See Davis v. United States, 417 U.S. 333 (1974); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002).  This is because § 2255 expressly prohibits a district court from entertaining a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is "inadequate or ineffective." [1]  See 28 U.S.C. § 2255(e).  Specifically, § 2255(e) provides:

---

[1] The "inadequate or ineffective" language was necessary because the Supreme Court held that "the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus."  Swain v. Pressley, 430 U.S. 372, 381 (1977).

4

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e); see Cradle v. U.S. ex rel. Miner, 290 F.3d 536 (3d Cir. 2002); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997); Millan-Diaz v. Parker, 444 F.2d 95 (3d Cir. 1971); Application of Galante, 437 F.2d 1164 (3d Cir. 1971) (per curiam); United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954).

A § 2255 motion is inadequate or ineffective, authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle, 290 F. 3d at 538. "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Id. The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade the statute of limitations under § 2255 or the successive petition bar. Id. at 539.

In In re Dorsainvil, 119 F.3d at 251, the United States Court of Appeals for the Third Circuit applied the "inadequate or

5

ineffective" test to a § 2241 claim challenging a sentence on the basis of a change of substantive law that occurred after Dorsainvil's first § 2255 motion was decided.[2]  The Court of Appeals first determined that Dorsainvil could not raise the Bailey claim in a successive § 2255 motion because the AEDPA restricted successive § 2255 motions to constitutional claims. While the Third Circuit found § 2255 inadequate and ineffective under the narrow circumstances present in that case, the court cautioned:

> We do not suggest that § 2255 would be "inadequate or ineffective" so as to enable a second petitioner to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.  Such a holding would effectively eviscerate Congress's intent in amending § 2255.  **However, allowing someone in Dorsainvil's unusual position - that of a prisoner who had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate, even when the government concedes that such a change should be applied retroactively - is hardly likely to undermine the gatekeeping provisions of § 2255.**

Dorsainvil at 251 (emphasis added).[3]

---

[2] Dorsainvil claimed that he was actually innocent of "use of a firearm" after the Supreme Court held in Bailey v. United States, 516 U.S. 137 (1995), that the crime, "use of a firearm," does not reach certain conduct.  The Supreme Court later ruled that the court's interpretation of the statute in Bailey applied retroactively under § 2255 to convictions that were final.  See Bousley v. United States, 523 U.S. 614 (1998).

[3] Several courts of appeals have adopted similar tests.  See (continued...)

Here, Petitioner's challenge to his sentence is within the scope of claims cognizable under § 2255, and thus he may not seek relief under § 2241 unless the remedy under § 2255 is inadequate or ineffective.  Section 2255 is not inadequate or ineffective for Petitioner's claims, however, because he does not contend that, as a result of a Supreme Court decision issued subsequent to his § 2255 motion, the conduct for which he was convicted is now non-criminal.  See Dorsainvil, 119 F. 3d at 250 ("A Supreme Court decision interpreting a criminal statute that resulted in the imprisonment of one whose conduct was not prohibited by law presents exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent") (quoting Davis v. United States, 417 U.S. 333, 346 (1974)); DeJesus Hernandez v. Martinez, 2009 WL 1204549 (3d Cir. May 5, 2009) (section 2255 is not inadequate or ineffective to raise challenge to sentence under Supreme Court's decision interpreting sentencing guidelines because decision does not render conduct non-criminal); Okereke v. United States, 307 F.3d 117 (3d Cir. 2002) ("Unlike the intervening change in law in In re Dorsainvil that potentially made the crime for which that petitioner was

---

[3](...continued)
Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001); In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000); Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999); In re Davenport, 147 F.3d 605, 611 (7th Cir. 1998); Triestman v. United States, 124 F.3d 361 (2nd Cir. 1997).

convicted non-criminal, <u>Apprendi</u> dealt with sentencing and did not render conspiracy to import heroin, the crime for which Okereke was convicted, not criminal.  Accordingly, under our <u>In re Dorsainvil</u> decision, § 2255 was not inadequate or ineffective for Okereke to raise his <u>Apprendi</u> argument").  This Court accordingly lacks jurisdiction to entertain Petitioner's claims under § 2241, and will dismiss the Petition for lack of jurisdiction.

### III.   CONCLUSION

The Court dismisses the Petition for lack of jurisdiction.

s/Robert B. Kugler<br>
**ROBERT B. KUGLER, U.S.D.J.**

Dated:     May 12     , 2010