**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PAUL GERALD LEGER, | **Hon. Robert B. Kugler** |
| Petitioner, | Civil No. 10-2134 (RBK) |
| v. | |
| DONNA ZICKEFOOSE, | **OPINION** |
| Respondent. | |

**APPEARANCES**:

> PAUL GERALD LEGER, #51040-004
> F.C.I. Fort Dix
> P.O. Box 2000 East
> Fort Dix, New Jersey 08640
> Petitioner Pro Se

**KUGLER**, District Judge

On April 28, 2010, Paul Gerald Leger, a federal prisoner confined at the Federal Correctional Institution at Fort Dix, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his incarceration pursuant to a 180-month term of imprisonment imposed on June 25, 1999, after a jury convicted him of knowing possession of three or more computer disks which contained visual depictions of a minor engaging in sexually explicit conduct and which depictions were produced using materials which had been mailed, shipped or transported in interstate or foreign commerce, and possession of a firearm by a convicted felon. See United States v. Leger, Crim. No. 98-10013

judgment (S.D. Fla. June 25, 1999). The Petition challenged the sentence on three grounds:

> Ground One: Responding parties authority to restrain the liberty of the applicant has been terminated by the action of the Fiduciary, Ellen Fine Levine, offsetting discharging and settling any and all claims of debts, obligations and liabilities associated with account no. 264170789 and 4:98-cr-10013-KMM.
>
> Ground Two: Responding party's authority to restrain the liberty of the applicant is null and void as the Judgment in a Criminal Case is Void because it was issued in violation of due process of law.
>
> Ground Three: Responding Party's authority to restrain the liberty of the applicant is null and void as the Judgment in a Criminal Case is Void because it was issued without jurisdiction of the parties and subject matter.

(Pet. ¶ 17.)

By Opinion and Order entered May 12, 2010, this Court summarily dismissed the Petition for lack of jurisdiction because the remedy by motion under 28 U.S.C. § 2255 was not inadequate or ineffective to test the legality of Petitioner's detention. See 28 U.S.C. § 2255(e); see Cradle v. U.S. ex rel. Miner, 290 F.3d 536 (3d Cir. 2002).

Shortly thereafter, Petitioner filed a motion to vacate pursuant to Fed. R. Civ. P. 60 and an objection and refusal for cause of this Court's Order of dismissal. Petitioner argued that the Order violated due process because the dismissal was summary,

the Order was factually baseless and founded solely on law, the Opinion failed to address Ground One of the Petition, which, according to Petitioner, rendered Grounds Two and Three moot, and the Order was not authenticated by the Clerk, as required by 28 U.S.C. § 1691. By Memorandum Order entered May 28, 2010, this Court denied the motion.

Petitioner thereafter filed three motions, which are presently before this Court. On June 9, 2010, Petitioner filed a 10-page document entitled "OBJECTION AND REFUSAL FOR CAUSE OF 'ORDER' DATED MAY 26, 2010, ISSUED BY ROBERT B. KUGLER AS VOID AND MOTION FOR PRODUCTION OF SEPARATE FINDINGS OF FACTS (FRCP 52) AND MOTION FOR ADDITIONAL RELIEF." (Docket Entry #7.) On October 28, 2010, Petitioner filed a five-page document entitled "MOTION/DEMAND FOR JUDGMENT (FRCP 50(A))." (Docket Entry #14.) On December 20, 2010, Petitioner filed a five-page document entitled "MOTION FOR DISQUALIFICATION OF JUDGE FOR VIOLATION OF DUE PROCESS OF LAW IN THE NATURE OF THE ACT OF CONGRESS AS QUOTED AT TITLE 28 U.S.C. § 455(B)(3) AND IN VIOLATION OF (FRCP) FRE 605 or for the IMMEDIATE ENTRY OF THE SUMMARY JUDGMENT AND ORDER OF THE COURT GRANTING THE RELIEF AND REMEDY DEMANDED IN FAVOR OF THE UNCONTROVERTED GENUINE FACTS OF RECORD AS A MATTER OF LAW AND DUTY OF OFFICE." (Docket Entry #17.)

# I.  DISCUSSION

A. Motion to Disqualify

Section 455 of Title 28 of the United States Code provides in relevant part:

>   **(a)** Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
>   **(b)** He shall also disqualify himself in the following circumstances:
>
>   **(1)** Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
>
>   **(2)** Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;
>
>   **(3)** Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;
>
>   **(4)** He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;
>
>   **(5)** He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:

>    **(i)** Is a party to the proceeding, or an officer, director, or trustee of a party;
>
>    **(ii)** Is acting as a lawyer in the proceeding;
>
>    **(iii)** Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
>
>    **(iv)** Is to the judge's knowledge likely to be a material witness in the proceeding.

28 U.S.C. § 455(a) and (b).

Petitioner argues that this Court's summary dismissal of the Petition without factfinding requires disqualification under § 455(b)(3) because this Court "has served in governmental employment and in such capacity . . . expressed an opinion concerning the merits of the particular case in controversy." 28 U.S.C. § 455(b)(3). However, "judicial rulings alone almost never constitute a valid basis for a ... partiality motion.... [T]hey ... can only in the rarest circumstances evidence the degree of favoritism or antagonism required ... when no extrajudicial source is involved." Liteky v. United States, 510 U.S. 540, 555 (1994). Since this Court's prior ruling dismissing the Petition "evidences no favoritism or antagonism toward [Petitioner, i]t is not, therefore, a basis for recusal." United States v. Magloire, 235 Fed. App'x 847, 850 (3d Cir. 2007); see also United States v. Schreiber, 599 F.2d 534 (3d Cir. 1979) (trial judge did not commit plain error in failing to recuse himself in a non-jury criminal trial where judge had previously

5

presided over a jury trial in which same defendant had been found guilty of similar charges); Mayberry v. Maroney, 558 F. 2d 1159, 1162 (3d Cir. 1977) (rejecting prisoner's contention that judge's erroneous failure to conduct a hearing before granting government's Rule 60(b) motion raised a question concerning disqualification). This Court will deny the motion to disqualify.

B. Motion to Find Order of Dismissal Void

Like his prior motion to vacate, in this motion Petitioner argues that the Order of dismissal is void because it was issued in violation of due process of law:

> a). Robert B. Kugler issued the instant "ORDER" and the previous "ORDER" to dismiss based solely on conclusions of law and opinion devoid of any Finding of Facts (FRCP 52) which denies the Moving Party's substantial right of due process for review.
>
> b). The "ORDER" . . . was factually baseless and based solely on conclusions and opinions.
>
> c). The "ORDER" . . . was issued without any evidence of Respondent(s) having provided any reply, rebuttal, or response which controverted the facts already submitted as a matter of record.
>
> d). The "ORDER" . . . was issued, filed and served without first being authenticated by the Clerk of the Court, by the Clerk's signature and the impressed Seal of the Court as mandated by the Act of Congress quoted at 28 U.S.C. § 1691 and 1 U.S.C. § 144.

(Docket Entry #7, p. 2.)

Petitioner argues that this Court's sua sponte dismissal of the Petition for lack of jurisdiction without ordering an answer

6

or giving him the opportunity to respond, violates due process. However, federal courts are obliged to sua sponte consider jurisdiction. See Mt. Healthy City Bd. of Ed. v. Doyle, 429 U.S. 274, 278-79 (1977); Liberty Mutual Ins. Co. v. Wetzel, 424 U.S. 737, 739 (1976). And Habeas Rule 4 requires a district court to sua sponte dismiss a habeas petition (without argument of the parties) if it plainly appears from the petition that the petitioner is not entitled to relief in the district court:

> The Clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order . . .

28 U.S.C. § 2254 Rule 4, applicable to § 2241 petitions pursuant to Rule 1(b). Thus, dismissal of the Petition without notice or argument does not violate Petitioner's due process rights.

Petitioner also argues that this Court improperly dismissed the Petition without making findings of fact, as required by Rule 52. Rule 52(a)(1) provides: "In an action tried on the facts without a jury or with an advisory jury, the court must find the facts specially and state its conclusions of law separately." Fed. R. Civ. P. 52(a)(1). However, because this Court did not conduct a trial, Rule 52(a)(1) does not require findings of fact.

7

Finally, Petitioner argues that this Court's prior orders are void because the Clerk did not authenticate them, as required by 28 U.S.C. § 1691. Section 1691 provides: "All writs and process issuing from a court of the United States shall be under the seal of the court and signed by the clerk thereof." 28 U.S.C. § 1691. Since this Court's orders did not issue a writ or issue process, § 1691 does not apply.

Based on the foregoing, this Court will deny Petitioner's "OBJECTION AND REFUSAL FOR CAUSE OF 'ORDER' DATED MAY 26, 2010, ISSUED BY ROBERT B. KUGLER AS VOID AND MOTION FOR PRODUCTION OF SEPARATE FINDINGS OF FACTS (FRCP 52) AND MOTION FOR ADDITIONAL RELIEF." (Docket Entry #7.)

C. Motion for Summary Judgment

Petitioner filed a motion asking this Court to summarily enter judgment in his favor and direct Respondent to release him from incarceration. Because the Petition has been dismissed for lack of jurisdiction, this Court lacks jurisdiction to enter judgment in favor of Petitioner and will deny the motion.

### III. CONCLUSION

The Court will deny Petitioner's motions.

s/Robert B. Kugler
**ROBERT B. KUGLER, U.S.D.J.**

Dated:   March 4  , 2011