**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| PAUL GERALD LEGER, | : | **Hon. Robert B. Kugler** |
|  | : |  |
| Petitioner, | : | Civil No. 10-2134 (RBK) |
|  | : |  |
| v. | : |  |
|  | : |  |
| DONNA ZICKEFOOSE, | : | **OPINION** |
|  | : |  |
| Respondent. | : |  |

**APPEARANCES:**

    PAUL GERALD LEGER, #51040-004
    F.C.I. Fort Dix
    P.O. Box 2000 East
    Fort Dix, New Jersey 08640
    Petitioner Pro Se

**KUGLER**, District Judge

On April 28, 2010, Paul Gerald Leger, a federal prisoner confined at the Federal Correctional Institution at Fort Dix, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his incarceration pursuant to a 180-month term of imprisonment imposed on June 25, 1999, after a jury convicted him of knowing possession of three or more computer disks which contained visual depictions of a minor engaging in sexually explicit conduct and which depictions were produced using materials which had been mailed, shipped or transported in interstate or foreign commerce, and possession of a firearm by a convicted felon.  See United States v. Leger, Crim. No. 98-10013

judgment (S.D. Fla. June 25, 1999).  The Petition challenged the sentence on three grounds:

> Ground One:  Responding parties authority to restrain the liberty of the applicant has been terminated by the action of the Fiduciary, Ellen Fine Levine, offsetting discharging and settling any and all claims of debts, obligations and liabilities associated with account no. 264170789 and 4:98-cr-10013-KMM.
>
> Ground Two:  Responding party's authority to restrain the liberty of the applicant is null and void as the Judgment in a Criminal Case is Void because it was issued in violation of due process of law.
>
> Ground Three:  Responding Party's authority to restrain the liberty of the applicant is null and void as the Judgment in a Criminal Case is Void because it was issued without jurisdiction of the parties and subject matter.

(Pet. ¶ 17.)

By Opinion and Order entered May 12, 2010, this Court summarily dismissed the Petition for lack of jurisdiction because the remedy by motion under 28 U.S.C. § 2255 was not inadequate or ineffective to test the legality of Petitioner's detention.  See 28 U.S.C. § 2255(e); see Cradle v. U.S. ex rel. Miner, 290 F.3d 536 (3d Cir. 2002).

Shortly thereafter, Petitioner filed a motion to vacate pursuant to Fed. R. Civ. P. 60 and an objection and refusal for cause of this Court's Order of dismissal.  Petitioner argued that the Order violated due process because the dismissal was summary,

2

the Order was factually baseless and founded solely on law, the Opinion failed to address Ground One of the Petition, which, according to Petitioner, rendered Grounds Two and Three moot, and the Order was not authenticated by the Clerk, as required by 28 U.S.C. § 1691.  By Memorandum Order entered May 28, 2010, this Court denied the motion.

   Petitioner thereafter filed three more motions.  On June 9, 2010, Petitioner filed a 10-page document entitled "OBJECTION AND REFUSAL FOR CAUSE OF 'ORDER' DATED MAY 26, 2010, ISSUED BY ROBERT B. KUGLER AS VOID AND MOTION FOR PRODUCTION OF SEPARATE FINDINGS OF FACTS (FRCP 52) AND MOTION FOR ADDITIONAL RELIEF."  (Docket Entry #7.)  On October 28, 2010, Petitioner filed a five-page document entitled "MOTION/DEMAND FOR JUDGMENT (FRCP 50(A))."  (Docket Entry #14.)  On December 20, 2010, Petitioner filed a five-page document entitled "MOTION FOR DISQUALIFICATION OF JUDGE FOR VIOLATION OF DUE PROCESS OF LAW IN THE NATURE OF THE ACT OF CONGRESS AS QUOTED AT TITLE 28 U.S.C. § 455(B)(3) AND IN VIOLATION OF (FRCP) FRE 605 or for the IMMEDIATE ENTRY OF THE SUMMARY JUDGMENT AND ORDER OF THE COURT GRANTING THE RELIEF AND REMEDY DEMANDED IN FAVOR OF THE UNCONTROVERTED GENUINE FACTS OF RECORD AS A MATTER OF LAW AND DUTY OF OFFICE."  (Docket Entry #17.)  By Order and accompanying Opinion filed March 4, 2011, this Court denied each motion.

On August 3, 2011, Petitioner filed a document labeled "OBJECTION AND REFUSAL FOR CAUSE OF ORDER DATED March 4th, 2011 ISSUED BY JUDGE ROBERT B. KUGLER AND MOTION TO VACATE ORDER ISSUED BY JUDGE ROBERT B. KUGLER AS VOID AND MOTION FOR ADDITIONAL RELIEF." (Docket Entry #23.) On August 4, 2011, this Court denied Petitioner's motion/objection. (Docket Entry Nos. 24, 25.)

On August 24, 2011, Leger filed a document labeled "OBJECTION AND REFUSAL FOR CAUSE OF THE ORDER DATED 8/4/2011 ISSUED BY JUDGE ROBERT B. KUGLER, AND MOTION TO VACATE ORDER ISSUED BY ROBERT B. KUGLER AS VOID, AND MOTION FOR ADDITIONAL RELIEF," which is presently before the Court. (Docket Entry #28.) Petitioner argues:

> The Interested Party, The DEPOSITORY TRUST COMPANY and its staff were advised that any responses were required to be submitted on or before the date of the hearing scheduled 09/06/2011 before judge Kugler[,] Kugler's actions now have deprived the Interested party their right to Due Process of law, to respond and depriving Petitioner the evidentiary right of due process of law to have any third party respond or not respond after having been given Notice of the Opportunity to respond with any evidence which supports Petitioner's claim either way.
>
> Petitioner raised certain elements regarding a fraudulent claim/lien and the Commercial law satisfaction of any monetary claim, Penal Sum, regarding the lien, with regard to the imprisonment of Petitioner's Body Corpus and the court sentence Executing authorities authority to continue the execution of the restraint of liberty by imprisonment of

Petitioner's body corpus, within the Ground One issue in Petitioner's petition. It is exactly these elements which make the use of any Section 2255 action inadequate and/or ineffective with regard to Petitioner's claims for relief regarding the demand for release of the fraudulent claim/lien and the imprisonment of Petitioner's Body corpus. This action is only cognizable within a Section 2241 action.

   *    *    *

Secondly, due to the threshold issues of the Ground Two jurisdictional challenge raised, elements of which lend support to Petitioner's Ground One challenge to the fraudulent claim/lien and demand for release of the fraudulent claim/lien, and pursuant to the "Rule Of Necessity," judge Kugler is abusing the judicial discretion of the Office of District Court Judge by declaining [sic] to entertain Petitioner's "Petition For Writ of Habeas Corpus" under the 'Plain Language Doctrine' of the Section 2241 language, as the proper vehicle to bring the challenge. [U.S. v. Cotton, 535 US 635 (2002)]

The actions of judge Kugler, pursuant to the "Objection . . ." raised previously and herein, constitute tactics with some hidden or secret agenda and/or knowledge, to further delay lawful relief to Petitioner from the unlawful restraint of liberty, based on a fraudulent claim/lien as supported, having merit within Petitioner's Section 2241 Grounds.

Therefore, the Moving Party hereby requests the Clerk vacate the ORDER dated 08/04/2011 and reopen the case to allow the case to proceed under the "Plain Language Doctrine" of the Section 2241 language, the Peoples guarantee of the secured right to the "Writ Of Habeas Corpus", the <u>CASTRO</u> standard, the "DO NO HARM" standard, the "Inadequate Remedy" standard, the "ProSe Rule", and the "Section 455 Rule".

(Docket Entry #28, pp. 1-3.)

## I.   DISCUSSION

Like his three prior motions to vacate, in this motion Petitioner argues that this Court's prior orders were issued in violation of due process of law.  This Court will deny Petitioner's fourth motion to vacate because Petitioner has shown no legal basis for vacating the Order dismissing his Petition. To the extent that Petitioner seeks reconsideration of this Court's prior Orders, reconsideration is also denied.  "The purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir.1999). A proper motion for reconsideration must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice.  See N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir.1995). Here, Petitioner has not shown an intervening change in law, new evidence, or the need to correct manifest injustice.

## III.   CONCLUSION

The Court will deny Petitioner's motion.

s/Robert B. Kugler
**ROBERT B. KUGLER, U.S.D.J.**

Dated:    December 1   , 2011

6